## A92A1503. BRADY v. CITY OF LAWRENCEVILLE.
### (425 SE2d 404)

BIRDSONG, Presiding Judge.

Richard Joseph Brady appeals from his conviction in municipal court for driving under the influence of alcohol, pursuant to OCGA § 40-6-391 (a) (4). He challenges the denial of his motion to suppress the State's intoximeter results for failure of the police to afford him an opportunity to have an independent chemical test performed. Appellant contends that in light of the police officer's refusal to afford him an independent test, the State's evidence showing his blood alcohol content was .13 grams percent should be suppressed; this being the only evidence of intoxication, he contends he was entitled to a directed verdict of acquittal. *Held*:

After appellant's arrest, an intoximeter test was performed at the police station. Appellant asked to have an independent test and agreed to have it done at Gwinnett Medical Center. Appellant was concerned that he did not have enough money to pay for the test. The State concedes that at the jail appellant asked to be allowed to call his father to meet him at the hospital, and that the officer refused this request and told appellant "we would take care of that when we got to the hospital."

Appellant testified it would have taken his father 20 minutes to travel from his home to the hospital. Officer Smith testified it takes 15-20 minutes to get from the jail to the hospital, and en route he stopped at a Hardee's restaurant, which took about 10 minutes. When appellant and Smith arrived at the hospital, appellant's father was called. Appellant's father testified that he first told the officer he could be at the hospital in 30-45 minutes, and when the officer said, "that's too long," appellant's father said, "I will be there in 20 minutes"; but the officer gave him no opportunity to come to the hospital. However, Officer Smith testified the father said it would take him 45 minutes to an hour to get to the hospital, and because of this lengthy delay, the officer declined to wait. On the way back to jail, appellant asked to be taken to another hospital for a test. Smith declined that request as being unreasonable.

Officer Smith testified that "the policy is to let people in custody make phone calls from [the hospital] rather than make them from the county jail," but that he could have allowed appellant to call from the jail. Smith testified that there was a "normal" police workload that night and that while he was at the hospital with appellant he was not called to assist in any calls.

According to OCGA § 40-6-392 (a) (3), appellant was entitled to have an independent test performed, but "[t]he *justifiable* failure or inability to obtain an additional test shall not preclude the admission of evidence relating to the test or tests taken at the direction of a law

enforcement officer." (Emphasis supplied.) The evidence in this case, construed favorably to the State, shows that appellant asked to be allowed to make timely arrangements to pay for the test at the hospital, but he was not allowed to do so. Under the officer's testimony, if appellant had called his father from the jail, the officer and appellant would have arrived at the hospital no more than 15-30 minutes before appellant's father. No justification is given for the refusal to let appellant call from the jail, except that it is "policy"; however, such "policy" necessarily would require the officer to await the arrival of whomever was called from the hospital, unless he intended to deprive the accused of any opportunity to have an independent test. As for the officer's refusal to wait, no justifiable reason is given; the State's position seems to be that no reason need be given and that it is in police discretion whether to wait 30 seconds or 30 minutes for the accused's arrangements to succeed. If this is the case, the officer would be under no duty to allow the accused to arrange an independent test. This position cannot be sustained. "[T]here is a . . . duty on the part of law enforcement officers not to refuse or fail to allow the accused to exercise [his] right [to have an independent test performed]. [Cit.] While it is not the officer's duty to insure the performance of an independent test, he cannot prevent a defendant from exercising his right to such a test. [Cit.]" *State v. Buffington*, 189 Ga. App. 800, 801 (377 SE2d 548).

OCGA § 40-6-392 (a) (3) provides that the *justifiable* failure or inability to obtain an additional test shall not preclude the admission of evidence of the test given by police. Id. As to whether such failure is justifiable, the trial court may consider several factors including whether there is "a protracted delay in the giving of the test if the officer complies with the accused's requests," and whether the accused has an opportunity and ability "to make arrangements personally for the testing." Id. at 802. As in *Buffington*, "there was nothing to show that the officer was pressed for time or had other matters that needed his immediate attention. Looking to the totality of the circumstances, appellee's request was reasonable and the officer's response was not." Id. at 802. Having forced appellant to delay making the call until they reached the hospital, the officer's refusal then to wait 15-30 minutes is, in the totality of the circumstances, unjustifiable. This is not in compliance with the duty imposed by OCGA § 40-6-392 (a) (3). *Buffington*, supra; *O'Dell v. State*, 200 Ga. App. 655, 657 (409 SE2d 54).

The evidence of the State's test should have been suppressed. There being no admissible evidence that appellant had a blood alcohol content of .10 grams percent in violation of the Code section under which he was prosecuted, the trial court erred in denying his motion for directed verdict of acquittal.

*Judgment reversed. Beasley and Andrews, JJ., concur.*

DECIDED NOVEMBER 20, 1992.

*Davis & Sissel, Warren P. Davis*, for appellant.
. *Russell T. Bryant*, for appellee.