77123. THE STATE v. BUFFINGTON.
(377 SE2d 548)

BENHAM, Judge.

Appellee was arrested for driving under the influence of alcohol near Gainesville, Georgia, on New Year's Eve. He was given an intox-

imeter test, which produced a reading of .27 grams percent. Appellee filed a motion in limine to suppress the test results, contending that he was not given ample opportunity to take an independent blood test in accordance with OCGA § 40-6-392 (a) (3). The trial court granted appellee's motion, and the State appeals.

The testimony at the suppression hearing showed that after the completion of the State's intoximeter test, appellee asked for an additional blood alcohol test. When the question of cost came up, the arresting officer had someone at the county jail call the Northeast Georgia Medical Center to find out what the cost of the test would be. One of the jailers reported that it was "somewhere around in the mid-twenties." The officer asked appellee if he had the money and he said he had "$20-something" so the officer took appellee to the medical center emergency room and told the clerk that appellee wanted an additional blood test at appellee's expense. Appellee's funds were then counted and it was discovered that he had $22; the cost of the test was a few dollars more than that, so the officer told appellee that he did not have enough money to take the test. He would not let appellee talk to the clerk personally to negotiate another method of payment for the blood test, even though appellee had his checkbook with him. Appellee had done business with the hospital before, and he had an aunt who was a hospital employee. He also had relatives who lived within five minutes travel time of the hospital, but the officer would not allow him to contact any of them for financial assistance while he was there. The officer took appellee back to the patrol car and returned him to jail without his having taken the blood test he requested.

The trial court granted appellee's motion, concluding that under the circumstances appellee was not given an opportunity to have an independent test. We agree. OCGA § 40-6-392 (a) (3) allows one accused of driving under the influence of alcoholic beverages the right to have a chemical analysis of his blood and urine by a qualified person of his own choosing, and there is a corresponding duty on the part of law enforcement officers not to refuse or fail to allow the accused to exercise that right. *Puett v. State*, 147 Ga. App. 300 (248 SE2d 560) (1978). While it is not the officer's duty to insure the performance of an independent test, he cannot prevent a defendant from exercising his right to such a test. *Grizzle v. State*, 153 Ga. App. 364 (2) (265 SE2d 324) (1980). The statute also states that "the justifiable failure or inability to obtain an additional test shall not preclude the admission of evidence relating to the test or tests taken at the direction of a law enforcement officer." It is incumbent on the trial court to determine whether the failure or inability to obtain the additional test is justified. In making that determination, the trial court must decide if, under the totality of the circumstances, the officer made a reasonable

effort to accommodate the accused who seeks an independent test. Factors to be considered include, but are not limited to, the following: (1) availability of or access to funds or resources to pay for the requested test; (2) a protracted delay in the giving of the test if the officer complies with the accused's requests; (3) availability of police time and other resources; (4) location of requested facilities, e.g., the hospital to which the accused wants to be taken is nearby but in a different jurisdiction; (5) opportunity and ability of accused to make arrangements personally for the testing.

Viewing the trial court's decision in light of the foregoing analytical framework, we find that the decision reached was the correct one in this case. The facts showed that appellee needed only a few additional dollars in cash to have funds sufficient to pay for the test; that there was a strong possibility that he could have gotten the money from a nearby relative or made other payment arrangements with the hospital had he been allowed to speak personally with hospital personnel; that the testing would not have been delayed for a long period of time if appellee had been allowed to call his relatives who lived in the vicinity of the hospital and seek their financial assistance; and that there was nothing to show that the officer was pressed for time or had other matters that needed his immediate attention. Looking to the totality of the circumstances, appellee's request was reasonable and the officer's response was not. We agree with the trial court's conclusion that that response had the effect of denying appellant his right under OCGA § 40-6-392 (a) (3) in this case; therefore, we affirm the order granting appellee's motion in limine to suppress the evidence of the State's test. See *State v. Hughes*, 181 Ga. App. 464 (352 SE2d 643) (1987).

*Judgment affirmed. McMurray, P. J., and Pope, J., concur.*

DECIDED JANUARY 9, 1989.

*Lydia S. Jackson, Solicitor, Raymond E. George, Assistant Solicitor*, for appellant.

*G. Hammond Law III*, for appellee.