## 77257. GORDON v. THE STATE.
### (378 SE2d 362)

BEASLEY, Judge.

Defendant appeals his conviction of driving under the influence of alcohol. His sole enumeration of error is that the trial court erred in admitting the results of an intoximeter test in violation of OCGA § 40-6-392 (a) (3). That code section authorizes an accused to obtain a test in addition to any administered at the direction of a law enforcement officer. It further provides: "The justifiable failure or inability to obtain an additional test shall not preclude the admission of evidence relating to the test or tests taken at the direction of a law enforcement officer."

Coupled with the right of an accused to have a chemical analysis of his blood and urine by a qualified person of his own choosing, there is a corresponding duty on the part of law enforcement officers not to deny him that right. *Puett v. State,* 147 Ga. App. 300 (248 SE2d 560) (1978). The results of a test taken in violation of the protections afforded by OCGA § 40-6-392 may not be used in evidence against a defendant. *State v. Johnston,* 160 Ga. App. 71, 73 (286 SE2d 47) (1981). But the mere fact that the accused was unable to obtain a chemical test of his own choosing will not require the suppression of the State's test. *Grizzle v. State,* 153 Ga. App. 364 (1) (265 SE2d 324) (1980).

Defendant was taken to a medical center where the receptionist was unable to change the $100 bill he offered in payment for the test. An employee of the center testified the officer stated that since the bill could not be changed defendant could not have the test. Defendant was not permitted to go elsewhere in the medical center or outside for change or to make a phone call to arrange change. He was returned to the station and shortly thereafter was released on bail. He returned with his father to the medical center and paid for a test. However, he was then told that the blood sample taken could not be sent to the crime laboratory for analysis unless the arresting officer witnessed it and signed the request. The officer refused to return to the medical center to do so.

The director of the laboratory at the medical center, as well as the assistant chief of police, testified there was an arrangement between the police department and the medical center requiring the arresting officer to sign the request in order for the crime laboratory to analyze the sample. The officer was aware of this policy and the need

for his authorization but was of the opinion that he did not have to witness a blood test performed at the accused's own expense. The officer related that he was staying within the guidelines of his department.

We are cited no statutory or regulatory authorization for the procedural policy established by the police and the medical center. Instead of "justifiable failure" or "inability" to obtain an additional test, the evidence shows a course of conduct which created barriers at both junctures and denied defendant the opportunity to obtain a test of his own choosing. Defendant made arrangements for an analysis but was prevented from accomplishing this by the officer acting under what he believed to be the predetermined policy of the policy department and the medical center. Whether he was right or wrong in his interpretation of the policy, the result was the same, because the blood drawn was *not* analyzed. This amounted to a refusal to permit defendant an alternate test. *State v. Buffington*, 189 Ga. App. 800 (377 SE2d 548) (1989). See in this regard *State v. White*, 188 Ga. App. 658 (373 SE2d 840) (1988).

The State had the burden of demonstrating compliance with the statutory requirements. *Munda v. State*, 172 Ga. App. 857, 858 (324 SE2d 799) (1984), which it did not meet. *State v. Hughes*, 181 Ga. App. 464, 467 (352 SE2d 643) (1987). The results of the test should have been suppressed.

*Judgment reversed. Banke, P. J., and Birdsong, J., concur.*

DECIDED JANUARY 26, 1989.

*Word & Flinn, Gerald P. Word*, for appellant.
*Henry C. Head, Solicitor*, for appellee.