## A91A0530. O'DELL v. THE STATE.
(409 SE2d 54)

COOPER, Judge.

The appellant was convicted by a jury of driving under the influence, in violation of OCGA § 40-6-391 (a) (1), and driving with a blood-alcohol concentration in excess of .12 grams, in violation of OCGA § 40-6-391 (a) (4). He was acquitted of improper lane change. Appellant appeals both convictions and the denial of his motion for new trial.

1. Appellant first enumerates the general grounds but has declined to cite any authority or offer any specific argument in support of this enumeration. Thus, this enumeration is deemed abandoned pursuant to Court of Appeals Rule 15 (c) (2). *Moss v. State*, 196 Ga. App. 81 (5) (395 SE2d 363) (1990).

2. The appellant enumerates as error the trial court's failure to suppress the result of the intoximeter test on the ground that appellant was prevented from securing an independent chemical test from a qualified person of his own choosing. We note that we have examined the record filed by appellant in this appeal, and have taken judicial notice of the transcript filed in Case No. A90I0141 on file in this Court. See *Backus Cadillac-Pontiac v. Ernest*, 195 Ga. App. 579 (394 SE2d 367) (1990).

The evidence adduced at the suppression hearing shows that appellant was stopped by a Georgia Tech police officer for driving back and forth across the centerline of Techwood Drive and was arrested for driving under the influence after he was unable to pass three field sobriety tests. Appellant submitted to an intoximeter breath test and upon discovering that he had produced a reading of .19 grams percent, requested that he be afforded an opportunity to have an independent chemical analysis of his blood. Because appellant was unfamiliar with the downtown area, he asked the police officer to take him to the closest hospital which could administer a blood test. Appellant was taken to Crawford Long Hospital where he was told by a nurse that the results of a blood test done at the hospital would probably not be admissible in court. The police officer mistakenly agreed with the nurse's conclusion and told appellant that none of the other hospitals in the downtown area could administer a blood test that would be admissible in court. Nonetheless, appellant repeatedly requested that he be given an opportunity to call other hospitals to find a place which could administer a legally admissible blood test. The officer refused to allow appellant to use the telephone in the hospital because

the officer believed that appellant had waived his right to an independent blood test by refusing to take the blood test at Crawford Long Hospital and because of appellant's increasingly argumentative and uncooperative attitude. Appellant was transported to jail without having received a blood test.

"OCGA § 40-6-392 (a) (3) allows one accused of driving under the influence of alcoholic beverages the right to have a chemical analysis of his blood and urine by a qualified person of his own choosing, and there is a corresponding duty on the part of law enforcement officers not to refuse or fail to allow the accused to exercise that right. [Cit.] While it is not the officer's duty to insure the performance of an independent test, he cannot prevent a defendant from exercising his right to such a test. [Cit.] The statute also states that 'justifiable failure or inability to obtain an additional test shall not preclude the admission of evidence relating to the test or tests taken at the direction of a law enforcement officer.' It is incumbent on the trial court to determine whether the failure or inability to obtain the additional test is justified. In making that determination, the trial court must decide if, under the totality of the circumstances, the officer made a reasonable effort to accommodate the accused who seeks an independent test. Factors to be considered include, but are not limited to, the following: (1) availability of or access to funds or resources to pay for the requested test; (2) a protracted delay in the giving of the test if the officer complies with the accused's request; (3) availability of police time and other sources; (4) location of requested facilities, e.g., the hospital to which the accused wants to be taken is nearby but in a different jurisdiction; (5) opportunity and ability of accused to make arrangements personally for the testing." *State v. Buffington*, 189 Ga. App. 800, 801-802 (377 SE2d 548) (1989).

Viewing the facts of this case in light of the analytical framework set forth above, we find that the trial court erred in holding that appellant was given a reasonable opportunity to have an independent test performed by a person of appellant's own choosing. Although appellant asked the police officer to take him to the closest hospital where he could have a blood test administered, it is clear that appellant expected to be taken to the closest hospital that could administer a legally admissible blood test. Once appellant and the officer were told that the results of a blood test performed by Crawford Long Hospital may not be admissible in court, it would not have been unreasonable to allow appellant an opportunity to find another hospital where he could be administered an admissible test. The evidence indicated that appellant had a sufficient sum of money on his person to pay for a test; that there were no emergencies so that the police officer had the time to take appellant to another hospital; that there were four other hospitals in the general vicinity which could adminis-

ter a blood test; and that the appellant clearly indicated that he wanted to make alternative arrangements to have an independent test. Looking to the totality of the circumstances, we conclude that appellee's request for an alternative test was reasonable, and the officer's refusal was not. See *Love v. State*, 195 Ga. App. 392 (2) (393 SE2d 520) (1990); *State v. Buffington*, supra at 802. Moreover, it makes no difference whether the officer made an innocent mistake in assuming that no other hospitals in the area could administer a legally admissible test because the end result was that appellant was unable to have an independent blood test. This, in effect, amounted to an unjustifiable refusal to permit appellant an opportunity for an independent test by a person of his own choosing. See *Gordon v. State*, 190 Ga. App. 55 (378 SE2d 362) (1989); *State v. Hughes*, 181 Ga. App. 464 (352 SE2d 643) (1987). Accordingly, the results of the intoximeter test should have been suppressed.

3. Lastly, it should be noted that the trial court erred in entering convictions and sentencing appellant on both DUI charges since they were predicated on the same conduct. *Love v. State*, supra at 392. Accord *Sanders v. State*, 176 Ga. App. 869 (4) (338 SE2d 5) (1985).

*Judgment reversed. Birdsong, P. J., and Pope, J., concur.*

DECIDED JUNE 24, 1991 —
RECONSIDERATION DENIED JULY 25, 1991 —

*James C. Strayhorn*, for appellant.
*James L. Webb, Solicitor, Fay I. McCormack, R. Lee O'Brien, Jr., Helen A. Roan, Assistant Solicitors*, for appellee.