A91A1880. THORNHILL v. THE STATE.
(415 SE2d 473)

BIRDSONG, Presiding Judge.

Brian Thornhill appeals his conviction of driving under the influence of alcohol. This was his third conviction for this offense. Thornhill contends the trial court erred by placing the burden on him to demonstrate why his blood-alcohol test was inadmissible and by finding the State met the requirements of OCGA § 40-6-392 so that the blood-alcohol test results were admissible. *Held*:

1. Although the transcript shows that the trial court erroneously placed the burden of going forward with evidence on Thornhill in the hearing on his motion in limine to exclude the blood-alcohol test results (see *McElroy v. State*, 173 Ga. App. 685, 686 (327 SE2d 805)), the transcript also shows that Thornhill did not object to this procedure or in any fashion direct the trial court's attention to what he now claims as error. Under the circumstances, an appellate issue cannot be raised on this matter. "No matter how erroneous a ruling of a trial court might be, a litigant cannot submit to a ruling or acquiesce in the holding, and then complain of the same on appeal. He must stand his ground. Acquiescence deprives him of the right to complain further. [Cits.]" *Whisnant v. State*, 178 Ga. App. 742, 744 (344 SE2d 536).

2. Thornhill also alleges that the trial court erred by refusing to exclude the results of the State's blood-alcohol test because he was deprived of his right under OCGA § 40-6-392 (a) (3) to obtain an independent blood-alcohol test. See *State v. Buffington*, 189 Ga. App. 800, 801 (377 SE2d 548).

The transcript shows that following an evidentiary hearing, the trial court denied Thornhill's motion. The standard to be applied in these cases is whether under the totality of the circumstances the police officer made a reasonable effort to accommodate Thornhill's request so that the failure or inability to obtain the independent test was justified. *O'Dell v. State*, 200 Ga. App. 655, 656 (409 SE2d 54). In reaching their decision, trial courts should consider the factors set out

in *Buffington v. State*, supra at 801-802.

The transcript shows, without dispute, that Thornhill was advised of his rights regarding blood-alcohol tests, including his right to an independent test, and that after Thornhill submitted to the breath test, he requested an independent blood test. When Thornhill was taken to the hospital for the independent test, he learned the hospital required payment in advance of $100. As Thornhill did not have enough money to pay for the test, he was returned to the jail.

The evidence, however, is conflicting on whether Thornhill was advised of the cost of the blood test before he left the police station and whether he was allowed to make arrangements for the money to pay for the test. Thornhill maintains that he was not. On the other hand, a police officer testified that before Thornhill was taken for the blood test, Thornhill asked and was advised that a test would cost between $65 and $80. According to the officer's testimony even though Thornhill only had $40 in his possession, he permitted the officer to take him to the hospital without making arrangements to secure the funds necessary, even by the officer's estimate, to obtain the independent test. Additionally, the officer testified that Thornhill was informed he could make telephone calls if he wanted and that Thornhill had access to the telephone and could have called to arrange for the money. In fact, Thornhill testified that a person who was a passenger in his vehicle called a friend to obtain money, but that was money so he could make bond, not to have the blood test. Further, according to the officer's testimony, he did not prevent either Thornhill or Thornhill's friend from using the telephone.

Our law requires that Thornhill be given the opportunity for an independent blood test (*Taylor v. State*, 261 Ga. 415 (405 SE2d 496)), and the law enforcement officers cannot prevent, refuse, or fail to allow him to obtain the independent test. *O'Dell v. State*, supra. Further, although law enforcement officers are required to make reasonable efforts to accommodate requests such as Thornhill's, it is not their duty to insure that the independent test was performed. *Jenkins v. State*, 198 Ga. App. 843 (403 SE2d 859).

In cases such as this where the testimony is conflicting, the credibility of the witnesses is for the trial court, as the trier of fact, and in such cases the findings of the trial court will not be reversed if there is evidence from which the trial court could conclude that a reasonable effort was made to accommodate the request for an independent test and the law enforcement officers did not prevent the defendant from obtaining the independent test. *Gray v. State*, 194 Ga. App. 811, 812 (392 SE2d 290). As there is evidence supporting the ruling of the trial court, it will not be reversed. The mere fact that Thornhill was not able to obtain an independent test does not require the exclusion of the State's test. *Gordon v. State*, 190 Ga. App. 55 (378 SE2d 362).

Indeed, it was reasonable for the trial court to conclude from the testimony by both Thornhill and the police officer that Thornhill did not receive an independent test because Thornhill, for whatever reason, did not make the financial arrangements necessary to pay for the test even though his friend was calling to secure bond money.

*Judgment affirmed. Pope and Cooper, JJ., concur.*

DECIDED JANUARY 31, 1992 —
RECONSIDERATION DENIED FEBRUARY 13, 1992.

*Word & Flinn, T. Michael Flinn*, for appellant.
*Henry C. Head, Solicitor*, for appellee.