A92A1151. THE STATE v. BUTTON.
(426 SE2d 194)

COOPER, Judge.

Appellee was arrested and charged with driving under the influence and other vehicular offenses. Prior to trial, he moved to suppress the results of an intoximeter test. The motion was granted and the State appeals.

After taking an intoximeter test administered by the State at the Cobb County Adult Detention Center, appellee invoked his right to an independent blood test. The arresting officer took appellee to Ken-

nestone Hospital, a hospital chosen by the arresting officer because of its proximity to the detention center. Kennestone will draw an individual's blood upon request; however, it does not perform blood alcohol tests as a matter of hospital policy. Accordingly, blood was drawn from appellee's arm and given to him, but he was unable to have it tested there or elsewhere. The officer did not take appellee anywhere else or ask him if he wanted to go anywhere else to have a test performed. Because appellee failed to receive his independent blood test, he moved to suppress the results of the State-administered intoximeter test. The trial court granted appellee's motion despite its finding that the officer did not know Kennestone would not do the blood test when he took appellee there. In its sole enumeration of error, the State contends that the trial court erred in suppressing the results of the intoximeter test.

"OCGA § 40-6-392 (a) (3) allows one accused of driving under the influence of alcoholic beverages the right to have a chemical analysis of his blood and urine by a qualified person of his own choosing, and there is a corresponding duty on the part of law enforcement officers not to refuse or fail to allow the accused to exercise that right. [Cit.]" *State v. Buffington*, 189 Ga. App. 800, 801 (377 SE2d 548) (1989). If an individual requests an independent test but is unable to obtain it, the results of the State-administered test cannot be used by the State as evidence against him unless the failure to obtain the test is justified. See, e.g., *Turner v. State*, 199 Ga. App. 466 (405 SE2d 296) (1991). "It is incumbent on the trial court to determine whether the failure or inability to obtain the additional test is justified. In making that determination, the trial court must decide if, under the totality of the circumstances, the officer made a reasonable effort to accommodate the accused who seeks an independent test." *Buffington*, supra at 801-802. The State cites *Harper v. State*, 164 Ga. App. 230 (1) (296 SE2d 782) (1982) for the proposition that no duty on the part of the officer arises until the accused has made his own arrangements for an independent test. The State's reliance on *Harper* is misplaced because, to the extent its language suggested such a prerequisite to the officer's duty, the *Harper* approach has been supplanted by that of more recent cases which, recognizing the inherent difficulty in making one's own arrangements while in custody, instead simply treat whether the accused had the opportunity to make arrangements and whether he utilized that opportunity as circumstances to be considered in determining whether the officer acted reasonably to accommodate the accused's request under all the circumstances. See *Buffington*, supra; *Love v. State*, 195 Ga. App. 392 (2) (393 SE2d 520) (1990).

In this case, the trial court determined that the officers' failure to take appellee to another hospital for a legally admissible independent blood test after discovering that Kennestone would not perform one

was not reasonable under all the circumstances, and we agree. See *O'Dell v. State*, 200 Ga. App. 655 (2) (409 SE2d 54) (1991). In *O'Dell*, this court held that an officer who took an accused requesting an independent blood test to a hospital that would draw and test blood but would not produce a legally admissible blood test had not made reasonable efforts to accommodate the accused's request. Contrary to the State's assertions, a blood sample is not the same as a legally admissible blood test, regardless of whether the blood sample could conceivably have been later used to obtain an independent test. Accordingly, we conclude that taking appellee to a hospital which would only give him a blood sample did not fulfill the officer's duty in this case, just as taking the accused to a hospital which would produce a blood test that he could not use in court did not fulfill the officer's duty in *O'Dell*. The trial court's finding that the officer acted in good faith does not change this conclusion, for it is the objective result of the officer's conduct rather than his subjective good or bad faith that is decisive. See *O'Dell*, supra at 657 ("[I]t makes no difference whether the officer made an innocent mistake in assuming that no other hospitals in the area could administer a legally admissible test because the end result was that appellant was unable to have an independent blood test.").

The State distinguishes *O'Dell* on the grounds that the accused in *O'Dell* repeatedly asked the officer to allow him to call other hospitals and appellee in this case did not. It is undisputed that appellee asked for an independent blood test, however, thereby invoking his right to such a test and giving rise to a concomitant duty on the part of the officer to make reasonable efforts to accommodate that request. Once that right was invoked, it, and its concomitant duty, continued until appellee obtained his independent test, or until it was determined that, despite reasonable effort, such a test could not be obtained. The right and duty did not expire when appellee got something short of the independent blood test he requested; so he did not need to repeat his request to resurrect them. Appellee's failure to repeatedly ask the officer to try other hospitals is a factor properly considered in determining whether the officer exerted reasonable effort under the totality of circumstances, but it is not a factor decisive enough to outweigh the similarities between *O'Dell* and this case, or to render efforts that would otherwise be unreasonable reasonable. Thus, the trial court did not err in ruling that the failure to obtain the requested test was not justified and in granting appellee's motion to suppress.

*Judgment affirmed. Sognier, C. J., and McMurray, P. J., concur.*

DECIDED NOVEMBER 19, 1992 —
RECONSIDERATION DENIED DECEMBER 9, 1992

*Patrick H. Head, Solicitor, Victoria S. Aronow, Clifford L. Granger, Jr., Assistant Solicitors*, for appellant.
*Charles A. Mullinax*, for appellee.