A94A0899. CADDEN v. THE STATE.

(444 SE2d 383)

COOPER, Judge.

Defendant was convicted by a jury of driving under the influence and improper lane change. His sole enumeration on appeal is the trial court's denial of his motion in limine to suppress the results of an intoximeter test.

After observing defendant make several traffic violations, Officer Phillip Herren of the Whitfield County Sheriff's Department stopped defendant's car. Officer Herren detected the odor of alcoholic beverage on defendant and also noticed that defendant was unsteady on his feet, that his eyes were red and that his speech was slurred. After defendant failed several field sobriety tests, Officer Herren placed defendant under arrest and read him the implied consent warning. Defendant was taken to jail and given an Intoximeter 3000 breath test which produced a reading of .11 grams percent. Defendant asked for another breath test and was given a second test 13 minutes later. The second test produced a reading of .09 grams percent. Because of the discrepancy in test results defendant requested an independent blood test.

At the hearing on defendant's motion in limine to suppress the results of the intoximeter test, Officer Herren testified that defendant used a pay telephone to call the hospital to find out how much the blood test cost. After making the call, defendant told Officer Herren he did not have the money. Officer Herren asked defendant if there was any way to contact someone who could bring defendant the money. Defendant said there was no one at his home, and the passenger in defendant's vehicle refused to go to defendant's house to get the money. When defendant asked Officer Herren to take him home to get some money, Officer Herren refused, but told defendant he would call someone for him or take him to a teller machine to get money for the test. Defendant testified that he did not call the hospital and that the officer told him the test cost $138 in cash. Although

defendant had between $60 and $70 in cash and some credit cards with him at the station, he did not tell the officer about the credit cards because he had been told payment for the test must be in cash. The passenger then arranged for defendant's bond, and defendant was released. After his release, defendant made no attempt to have a blood test.

"Questions of credibility arising out of conflict in testimony regarding the circumstances of pursuing the additional testing are for resolution by the court. On appeal evidence must be viewed in the light most favorable to support the verdict; an appellate court determines evidence sufficiency and does not weigh evidence or determine witness credibility." (Citations and punctuation omitted.) *Melvin v. State*, 205 Ga. App. 799, 801 (1a) (423 SE2d 718) (1992).

"OCGA § 40-6-392 (a) (3) allows one accused of driving under the influence of alcoholic beverages the right to have a chemical analysis of his blood and urine by a qualified person of his own choosing, and there is a corresponding duty on the part of law enforcement officers not to refuse or fail to allow the accused to exercise that right. While it is not the officer's duty to insure the performance of an independent test, he cannot prevent a defendant from exercising his right to such a test. The statute also states that the justifiable failure or inability to obtain an additional test shall not preclude the admission of evidence relating to the test or tests taken at the direction of a law enforcement officer. It is incumbent on the trial court to determine whether the failure or inability to obtain the additional test is justified. In making that determination, the trial court must decide if, under the totality of the circumstances, the officer made a reasonable effort to accommodate the accused who seeks an independent test. Factors to be considered include, but are not limited to, the following: (1) availability of or access to funds or resources to pay for the requested test; (2) a protracted delay in the giving of the test if the officer complies with the accused's requests; (3) availability of police time and other resources; (4) location of requested facilities, e.g., the hospital to which the accused wants to be taken is nearby but in a different jurisdiction; (5) opportunity and ability of accused to make arrangements personally for the testing." (Citations and punctuation omitted.) *State v. Buffington*, 189 Ga. App. 800, 801-802 (377 SE2d 548) (1989).

Viewing the evidence in light of the analytical framework set forth above, we find that defendant was given a reasonable opportunity to have an independent test performed. Officer Herren was willing to accommodate defendant to the extent that defendant could contact someone to bring him the necessary funds for the test. Officer Herren's refusal to take defendant home was not unreasonable given concerns the officer may have had for his safety. Looking at the total-

ity of the circumstances, we conclude that Officer Herren made a reasonable effort to accommodate defendant's request for an independent blood test. Accordingly, the trial court did not err in admitting the results of the intoximeter test. *Melvin*, supra at 802.

*Judgment affirmed. Birdsong, P. J., and Blackburn, J., concur.*

DECIDED MAY 24, 1994.

*Waycaster, Corn & Morris, Marcus R. Morris*, for appellant.
*Jack O. Partain III, District Attorney, Herbert M. Poston, Jr., Assistant District Attorney*, for appellee.