## A94A2619. THE STATE v. BRODIE.

(453 SE2d 786)

ANDREWS, Judge.

The State appeals from the trial court's grant, after a bench trial, of Brodie's motion for new trial based on his pre-trial motion in limine[1] to exclude the Intoximeter 3000 results. Brodie was convicted of improper lane change and driving with an illegal blood-alcohol level, OCGA § 40-6-391 (a) (4). He was acquitted of being under the influence to the extent it was less safe to drive, OCGA § 40-6-391 (a) (1).

The motions were premised on Brodie's contention that he was deprived of his right to an alternate test. Viewed in favor of the factfinder, the evidence was that, on September 17, 1993, after a 12-inning Braves game, Brodie was returning to his home in Marietta shortly after midnight. Officer Willard was on regular patrol and fell into traffic behind Brodie. He saw Brodie's car cross the centerline once and assumed it was for the purpose of passing the car in front of Brodie. Brodie's car then crossed the line again and the officer activated his blue lights. When the officer approached the car, Brodie had his window down and provided his license and insurance card. The officer said he noticed the odor of alcohol and asked Brodie if he had been drinking. Brodie responded that he had been to the game and had three or four beers over a three to four-hour period. Brodie also asked what he had done illegal.

The officer asked Brodie to get out of his car and take the roadside tests. Brodie successfully repeated the alphabet, hit his nose two out of four times on the finger touch,[2] and walked a straight line on the nine-step heel/toe test. The officer was of the opinion that Brodie failed the latter test because he took ten steps rather than the instructed nine.

The officer administered an alcosensor test, which indicated the presence of alcohol. Brodie was arrested and given the informed consent warning. He was then taken to the station where he was administered the intoximeter test. As was his custom, Brodie did not have his wallet with him, but kept it in his vehicle because it was so large. The officer patted him down at the car, but did not make any inquiry about the wallet, which was found when the car was inventoried. The wallet contained $40.

Brodie had to blow into the intoximeter four times before it registered a reading. When told it registered .14, Brodie stated that he wanted his own test. Although he had only $7 on him, Brodie had a

---

[1] Such a motion is the appropriate method for challenging compliance with implied consent warnings. *State v. Johnston*, 249 Ga. 413, 414 (3) (291 SE2d 543) (1982).

[2] On the other two tries, his finger touched immediately under his nose.

Kennestone Hospital patient card and was insured. He was under the impression that he would be allowed to charge the test or put it on his insurance.

The officer suggested Kennestone because it was close to the station and was where officers took those who made a request for a separate test. Upon arrival at Kennestone, he was told by hospital personnel that he could not have the test if he could not prepay with cash or credit card. When he informed the hospital representative, in the presence of the officer, that he did not have his wallet because it was in his car, the officer said he had to take him to jail. The officer was aware that the test had to be paid for before blood would be drawn. The officer did call Brodie's wife at his request to tell her where he was, but the officer did not mention his need for funds to the wife.

1. The State contends, in its first and second enumerations, that it was error for the trial court to reconsider its initial ruling made on the motion in limine, which had denied the motion.

(a) The ground contained in the first enumeration was not raised in the court below and will not be considered here for the first time. *Peters v. State*, 206 Ga. App. 143, 145 (2) (424 SE2d 372) (1992).

(b) The second enumeration is that the court erred in considering evidence at trial on an issue the court had already considered and decided. This enumeration is without merit.

"Reconsideration of a ruling on a motion to suppress [or in limine] is permissible. *Chastain v. State*, 158 Ga. App. 654[, 655] (281 SE2d 627) (1981)." *Martin v. State*, 201 Ga. App. 716, 717 (1a) (411 SE2d 910) (1991).

(c) "In reviewing a trial court's decision on a motion to suppress [or in limine], our responsibility is to ensure that there was a substantial basis for the decision. In so doing, we may consider all relevant evidence of record, wherever located, including evidence introduced at a suppression hearing and *that introduced at trial*; we construe the evidence most favorably to uphold the findings and judgment, and must adopt the trial court's findings on disputed facts and credibility unless they are clearly erroneous. Further, since the trial court sits as the trier of facts, its findings will not be disturbed if there is any evidence to support them." (Citations omitted; emphasis supplied.) *Gray v. State*, 207 Ga. App. 648, 650 (2) (428 SE2d 663) (1993); *White v. State*, 263 Ga. 94, 98 (5) (428 SE2d 789) (1993).

2. Finally, the State contends the court erred in granting the motion because the officer had made "reasonable efforts" to accommodate Brodie under *State v. Buffington*, 189 Ga. App. 800 (377 SE2d 548) (1989).

This case is factually similar to *State v. Button*, 206 Ga. App. 673 (426 SE2d 194) (1992). There, the officer took Button to Kennestone where his blood was actually drawn. However, there was evidence that

the hospital did not, "as a matter of hospital policy," perform blood-alcohol tests. The officer did not take appellee anywhere else to have a test performed. The trial court's decision that this was not reasonable under all the circumstances was affirmed. Id.

Here, Brodie was unable to even have his blood drawn, due to lack of funds. As held in *Love v. State*, 195 Ga. App. 392, 393 (393 SE2d 520) (1990), taking an accused to a hospital without warning him of that hospital's advance payment policy and allowing him to make arrangements to secure the necessary funds can be found to be lack of a reasonable effort to accommodate. Id.

Therefore, the test results were properly excluded.

*Judgment affirmed. Beasley, C. J., and Johnson, J., concur.*

DECIDED FEBRUARY 1, 1995.

*Ben F. Smith, Jr., Solicitor, Barry E. Morgan, Mark A. Basurto, Assistant Solicitors,* for appellant.

*Larry W. Yarbrough,* for appellee.