**Robin Ken LEE, Appellant,**

v.

**COMMONWEALTH of Kentucky,
Appellee.**

No. 2009–SC–000371–DG.

Supreme Court of Kentucky.

June 17, 2010.

James Andrew Maples, Elizabethtown, KY, Counsel for Appellant.

Jack Conway, Attorney General, Mark Anthony Shouse, Special Assistant County Attorney, Elizabethtown, KY, Counsel for Appellee.

Opinion of the Court by Justice CUNNINGHAM.

At approximately 6:50 p.m. on the evening of November 28, 2007, in Hardin County, Appellant was arrested for driving under the influence, second offense. He was given a breathalyzer test which resulted in a reading of .209.

Subsequent to the breathalyzer, Appellant requested a blood test. He was immediately taken to Hardin Memorial Hospital. There, the doctor on duty refused to give the blood test, citing in his medical records that there was no medical basis to administer the test. Appellant was then "cleared medically to go to jail...."

Appellant entered a conditional plea to DUI, second offense, in Hardin District Court after his motion to suppress/dismiss the case against him was denied. The basis for Appellant's motion was that he had not been allowed to secure an independent blood alcohol test as required by law. The trial court ruled that the police officer had made reasonable allowances for Appellant to have a blood alcohol test and, therefore, was in compliance with the statute.

The Hardin Circuit Court affirmed the district court's refusal to suppress the evidence. We granted Appellant's motion for discretionary review from the order entered by the Court of Appeals denying review in that court.

The only issue before us is whether actions of the police officer were sufficient to accommodate Appellant's right under KRS 189A.103(7) to have an independent blood test performed by "a person of his own choosing."

■ The sparse facts involved in this case were apparently uncontested. Therefore, whether the trial court was in error in denying the motion to suppress is a question of law, and the standard of review is *de novo*. *Jackson v. Commonwealth*, 187 S.W.3d 300, 305 (Ky.2006); *Welch v. Commonwealth*, 149 S.W.3d 407, 409 (Ky. 2004).

At the heart of this issue is KRS 189A.103(7) and the Court of Appeals' interpretation of that statute in *Commonwealth v. Long*, 118 S.W.3d 178 (Ky.App. 2003). We cite in full KRS 189A.103(7):

> After the person has submitted to all alcohol concentration tests and substance tests requested by the officer, the person tested shall be permitted to have a person listed in subsection (6) of this section of his own choosing administer a test or tests in addition to any tests administered at the direction of the peace officer. Tests conducted under this section shall be conducted within a reasonable length of time. Provided, however, the nonavailability of the person chosen to administer a test or tests in addition to those administered at the direction of the peace officer within a reasonable time shall not be grounds for rendering inadmissible as evidence the results of the test or tests administered at the direction of the peace officer.

The Court of Appeals has adopted the "totality of the circumstances" approach to determine whether the officer made a reasonable effort to accommodate the request for independent testing. *Long, id.* In adopting this standard, that Court also approved the five factors previously adopted by Georgia's appellate court in *State v. Buffington*, 189 Ga.App. 800, 377 S.E.2d 548 (1989). Those factors are: (1) availability of or access to funds or resources to pay for the requested test; (2) a protracted delay in the giving of the test if the officer complies with the accused's requests; (3) availability of police time and other resources; (4) location of requested facilities; and (5) opportunity and ability of accused to make arrangements personally for the testing. *Long*, 118 S.W.3d at 184.

In the *Long* case, the officer refused to take the subject to the hospital where she worked and could have received the test, either without charge or on credit. He also refused to allow her to make arrangements for her roommate to bring money, so she could pay for the test at the hospital of the officer's choosing. As a result of the officer's actions, the defendant was denied her request for an independent blood test "by a person of his or her own choosing." *Id.* at 183.

■ From the record here, it does not appear that Appellant requested a particular medical provider for the test; therefore, the officer took Appellant to the Hardin Memorial Hospital. There, the attending physician diagnosed alcohol intoxication and declined to perform the blood test. Appellant did not ask to be taken anywhere else. There was no testimony to suggest that the officer had reason to suspect that that hospital or that doctor would refuse to perform the test. As explained in *Long*, all that is required of the officer is "some level of facilitation" in providing the person accused with an independent blood test. *Id.*

Two pivotal facts loom over this case.

First, there is no evidence that Appellant requested a second test. Had he done so, then the five factors in *Long* would have been implicated.

Secondly, there was no evidence of bad faith of the officer. More particularly, there was no showing that the officer knew, or even had reason to know, that the doctor at Hardin Memorial would refuse to administer the test. Obviously, the officer had no authority over the refusing physician.

Appellant correctly argues that, under the statutory scheme as interpreted by *Long,* individuals charged with driving under the influence are required to be informed of their right to an independent test at least two different times. *Id.* We do not believe that this requirement comes into play in this case since Appellant obviously knew of his rights by requesting an independent test, and by evidence that the officer attempted to accommodate this request.

For the foregoing reasons, the opinion of the Court of Appeals is affirmed.

All sitting. All concur.