## A93A0135. LANGSTON v. THE STATE.
### (430 SE2d 365)

BEASLEY, Judge.

Langston was convicted of possession of cocaine with intent to distribute, OCGA § 16-13-30 (b), and his motion for new trial was denied.

He contends that the evidence at trial was circumstantial, and that the trial court's refusal to give his requested charge on circumstantial evidence was therefore error.

The evidence at trial in support of the conviction showed that at approximately 9:45 p.m., a police detective patrolling a known drug area in Augusta observed Langston leaning into the driver's window of a car stopped in the roadway. The detective testified that when the police car pulled up behind the stopped car the driver sped away and Langston stepped back to the curb, dropping both hands to his sides. He noticed that Langston had paper money clutched in his left hand, and that a small plastic bag containing a piece of plastic was on the ground about two inches from Langston's foot. Langston was the only person on that side of the street. The paper money in Langston's hand was a $20 bill, and the plastic in the bag contained eight pieces of what later proved to be crack cocaine. Langston also had about $90 in a pocket.

Langston, his own sole witness, testified that he was just teasing the young lady in the car, whom he knew, with the $20 bill, that he had no cocaine, and that the cocaine retrieved was more than a car length away from where he was standing.

No direct evidence was presented that the cocaine had been in Langston's possession or that he intended to distribute it. Rather, these elements were proved circumstantially, by inferences from the evidence presented.

Appellant requested the trial court to charge the jury that "[w]here all the facts and circumstances of the case, and all reasonable deductions therefrom, present two equal theories, one of guilt and the other of innocence, then the jury must acquit the accused."

This charge does not accurately state the principle addressed. First, it relates to the weight of the evidence and therefore is not an accurate statement of the "two theories" principle. That principle does not require that the two "theories" be "equal." See, e.g., *Davis v. State*, 13 Ga. App. 142 (1), 143 (78 SE 866) (1913). This inaccuracy alone would be reason enough for the trial court's refusal to instruct the jury to use it. *Daniels v. State*, 184 Ga. App. 689, 690 (1) (362

SE2d 775) (1987).

Second, even an accurate version of the charge "has been criticized from the date it was written." *Booker v. State*, 156 Ga. App. 40, 42 (4) (274 SE2d 84) (1980), rev'd on other grounds 247 Ga. 74 (274 SE2d 334) (1981). Although *Booker* states that the charge is taken from *Davis*, the court in *Davis* describes the evidentiary yardstick for circumstantial evidence as "well settled." In *Davis*, there was only circumstantial evidence that defendant *sold* the liquor. *Allen v. State*, 13 Ga. App. 657, 658 (79 SE 769) (1913), decided only three months after *Davis*, cites *Riley v. State*, 1 Ga. App. 651 (57 SE 1031) (1907), for the same principle. The holding in *Riley*, however, is that when the evidence of guilt is entirely circumstantial, the jury must be charged on the applicable *statute*, section 984 of the Penal Code of 1895. Id. at 655. Section 984 is the predecessor statute to, and contains the exact wording as, the present OCGA § 24-4-6: "To warrant a conviction on circumstantial evidence, the proved facts shall not only be consistent with the hypothesis of guilt, but shall exclude every other reasonable hypothesis save that of the guilt of the accused." This is a codification of even earlier caselaw. *Hamilton v. State*, 96 Ga. 301 (22 SE 528) (1895), states: "[I]n a case where the State depended for conviction upon circumstantial evidence alone, it [is] the duty of the judge, whether so requested or not, to instruct the jury, in substance, that to authorize a verdict of guilty the evidence must connect the accused with the perpetration of the alleged offense, and must not only be entirely consistent with his guilt, but inconsistent with every other reasonable hypothesis. The failure to give some such instruction, in a close and doubtful case . . . , will entitle the accused to a new trial. The law upon this subject is very concisely and aptly stated in the 12 Am. & Eng. Enc. of Law, p. 879. . . ." Id. at 302.

Subsequent cases took, out of context, language used in *Riley* to support and explain its holding, including the statement that "[c]ircumstantial evidence is worth nothing in a criminal case, if the circumstances are reasonably consistent with the hypothesis of innocence, as well as the hypothesis of guilt." Supra at 655. Such cases paraphrased that language, which was not intended as a jury charge, and created a poor substitute for the clear principle embodied in the statute. See *Carr v. State*, 119 Ga. App. 540, 544 (167 SE2d 707) (1969). In addition to being cited for its holding that the statute must be charged, *Riley* also began appearing regularly as supporting authority for the "two theories" explicatory language. See, e.g., *Middleton v. State*, 7 Ga. App. 1, 2-3 (1) (66 SE 22) (1909); *Thomas v. State*, 8 Ga. App. 95, 96 (68 SE 522) (1910). Eventually, the "two theories" description was submitted as a proper charge on the law of circumstantial evidence, in lieu of a charge on the statute itself. Although

criticized often and severely, its use in cases where the evidence is entirely circumstantial has been authorized by the Supreme Court. *General v. State*, 256 Ga. 393, 394 (3) (349 SE2d 701) (1986). It also appears in the Suggested Pattern Jury Instructions, Criminal Cases (2d ed.), p. 18, item B. In the latter it even contains the quantitative word "equal."

Instructions to the jury, particularly those explaining difficult concepts, are to be "the lamp . . . to guide [the jury's] feet in journeying through the testimony in search of a legal verdict." *Riley*, supra at 655. "[T]he charge of the court must contain such clear, apt, and definite exposition of the specific principles of law applicable to the case as will enable the jury to deal with the real issue in the case and properly to decide it." *Glaze v. State*, 2 Ga. App. 704, 709 (58 SE 1126) (1907). Instructions must be given in straightforward, lay language, in as easily comprehensible terms as possible. Otherwise there is created the danger that the jury's deliberations will be derailed from a legally correct track.

The statutory language of OCGA § 24-4-6, when given in charge, plainly directs the jury to measure the circumstantial evidence in support of guilt by this yardstick. The language in the "two theories" charge, in contrast, is not limited to circumstantial evidence but appears to be directed to *all* the evidence on the elements, both direct and circumstantial, including defendant's. It is thus misleading and confusing, and it is certainly not a clear statement of the crucial principle involved.

This problem is now exacerbated because of the Supreme Court's recent holding in *Robinson v. State*, 261 Ga. 698 (410 SE2d 116) (1991), that a charge on the law of circumstantial evidence must be given on request even where there is also direct evidence as to the elements and it has not been impeached. The likelihood that this charge may confuse or mislead the jury is increased manifold. Id. at 699-700. If a "two-theories" charge is given in a case where there is unimpeached direct as well as circumstantial evidence, a risk is created that the jury may apply this standard as well to the direct evidence. It only applies when all of the evidence of guilt is circumstantial or when the jury is authorized to discredit the direct evidence and must base its decision on circumstantial evidence of guilt. Where the evidence of the elements is direct, the principle in OCGA § 24-4-6 has no application. "It is not then a question of a comparison of the reasonableness of hypotheses, but the question is rather whether the direct testimony is credible." *Middleton v. State*, supra at 1, 3 (1) (66 SE 22) (1909).

Here, the evidence of the elements of possession and intent was wholly circumstantial. The requested charge was not accurate. A charge on OCGA § 24-4-6 would have been appropriate and proper. A

charge defining and describing direct and circumstantial evidence was given as were cautions on such examples of circumstantial evidence as presence and association. The trial court also instructed the jury that the comparative weight to be given direct and circumstantial evidence on a given issue was always theirs to decide. But the charge on OCGA § 24-4-6 was neither requested nor given sua sponte. Undoubtedly, it would have been "[t]he better practice, if the principle of circumstantial evidence is to be charged at all, . . . to charge both the pattern charge book's definition of circumstantial evidence as well as the cautionary language of OCGA § 24-4-6. [Cit.]" *Terrell v. State*, 258 Ga. 722, 724, n. 2 (373 SE2d 751) (1988). See Suggested Pattern Jury Instructions, Vol. II, Criminal Cases (2d ed.), pp. 11-12, item J2.

Nevertheless, this was not "a close or doubtful" case. *Germany v. State*, 235 Ga. 836, 840-844 (2) (221 SE2d 817) (1976). As to the circumstantial evidence, that is, discounting defendant's description of the distance between himself and the cocaine and his denial, and accepting instead the officer's testimony, as the jury was authorized to do, it is not a reasonable hypothesis that the cocaine found two inches from defendant's foot had not been in his possession, was unbeknownst to him, and was not intended by him to be distributed. No reasonable hypothesis of innocence as to these circumstances was offered, and none appears. The trial court charged the jury fully and fairly on the presumption of innocence, reasonable doubt, and the State's burden to prove every material allegation of the indictment and every essential element of the crime beyond a reasonable doubt, as well as on circumstantial evidence as referenced above. Thus, the failure to charge on OCGA § 24-4-6 was not reversible error. *Germany*, supra. Accord *Hawes v. State*, 240 Ga. 327, 330 (3) (240 SE2d 833) (1977); *Stoker v. State*, 177 Ga. App. 94, 96 (338 SE2d 525) (1985). See also *Tubman v. State*, 185 Ga. App. 731, 733-734 (2) (365 SE2d 879) (1988) (Beasley, J., concurring specially).

*Judgment affirmed. McMurray, P. J., and Cooper, J., concur.*

DECIDED MARCH 9, 1993 —
RECONSIDERATION DENIED MARCH 24, 1993.

*Richard O. Ward*, for appellant.
*Michael C. Eubanks, District Attorney, Daniel W. Hamilton, Richard E. Thomas, Assistant District Attorneys*, for appellee.