A93A0870. MOSS v. THE STATE.
(433 SE2d 397)

ANDREWS, Judge.

Moss was convicted of aggravated assault and cruelty to children and appeals. The indictment charged that in July 1990, Moss unlawfully assaulted the victim, his girl friend's son, by forcing his face onto the eye of a stove. The third count of the indictment, as to which the

trial court directed a verdict, charged both Moss and the victim's mother with a second count of cruelty to children.

At trial, both circumstantial and direct evidence were presented. The State called as a witness the doctor who examined the eight-year-old victim on July 26, 1990 who testified that the victim initially reported that his facial burn was caused by falling against a barrel which contained burning trash; though he later stated that Moss had caused the burn. The doctor testified that the injury was not consistent with the victim's explanation of falling against a barrel.

A police officer testified that the victim reported that Moss pressed his head to the stove and caused the burn. A social worker testified that the victim had been subjected to ongoing abuse and that the victim told him that the burn was the result of Moss holding the victim's face against a hot surface. A worker for the Department of Family & Children Services testified that the victim first told her that he had tripped and hit his face on a barrel, but later stated that the injury was caused by Moss. She stated that she became suspicious of abuse when the victim's mother did not allow her to see him. Two additional witnesses stated that the victim told them that Moss was responsible for the burn.

The victim, who was nine years old at trial, testified initially that the injury occurred when he tripped and fell against a barrel in which trash was burning, but his trial testimony was somewhat contradictory. There was also testimony regarding a 1987 conviction against the victim's mother for simple battery against the victim.

The defense presented several witnesses. Two witnesses were children who testified that they saw the victim fall against the barrel and injure himself. Moss and the victim's mother testified that they were away at the time the injury occurred and returned home to find the victim injured.

In his sole enumeration of error, Moss claims that the court erred in failing to give his requested instruction to the jury, which stated: "where all the facts and circumstances of the case, and all reasonable deductions therefrom, present two equal theories, one of guilt and the other of innocence, then the jury must acquit the accused." We are mindful that "where the state's case depends, in whole or in part, on circumstantial evidence, a charge on the law of circumstantial evidence must be given on request. This rule will apply whether or not the jury is authorized to find that the direct evidence presented by witness testimony has been impeached." *Robinson v. State*, 261 Ga. 698, 699-700 (410 SE2d 116) (1991); see also *Postell v. State*, 261 Ga. 842 (412 SE2d 831) (1992). Nonetheless, we find that the trial court did not err in failing to give the requested charge here.

In *Langston v. State*, 208 Ga. App. 175 (430 SE2d 365) (1993), this court upheld the trial court's refusal to give the requested charge

at issue here. "This charge does not accurately state the principle addressed. First, it relates to the weight of the evidence and therefore is not an accurate statement of the 'two theories' principle. . . . This inaccuracy alone would be reason enough for the trial court's refusal to instruct the jury to use it. [Cit.]" Id. Further, the charge "only applies when all of the evidence of guilt is circumstantial or when the jury is authorized to discredit the direct evidence and must base its decision on circumstantial evidence of guilt." Id. at 177; see also *Burris v. State*, 204 Ga. App. 806 (3) (420 SE2d 582) (1992); *Hamilton v. State*, 260 Ga. 3, 5 (4) (389 SE2d 225) (1990) ("the request is appropriate only when all of the evidence is circumstantial"). In the instant matter, there was direct evidence and the case was not wholly dependent on circumstantial evidence.[1] As in *Langston*, although a charge pursuant to OCGA § 24-4-6 would have been appropriate and proper, the failure to give the charge requested here was not reversible error. Compare *Gidden v. State*, 205 Ga. App. 245 (1) (422 SE2d 30) (1992).

Furthermore, the court defined and described circumstantial evidence and explained to the jury that: "[t]he comparative weight of circumstantial evidence and direct evidence on any given issue is a question of fact for you jurors to decide." The jury was also fully instructed regarding reasonable doubt, and the presumption of innocence, and was charged that facts and circumstances which merely place upon the defendant a grave suspicion of the crime charged or which merely raise a speculation or conjecture of the defendant's guilt were not sufficient to convict the defendant. Moreover, Moss did not request any other charge regarding circumstantial evidence, see *Manning v. State*, 207 Ga. App. 181 (427 SE2d 521) (1993), and objected at trial and here, only to the failure to give his requested charge, not to the court's failure to instruct more fully regarding circumstantial evidence. These factors combined with the fact that the direct evidence was sufficient to prove the crime charged, see *Rash v. State*, 207 Ga. App. 585 (428 SE2d 799) (1993), indicate that the trial court did not err in refusing to charge the jury with Moss' requested instruction.

*Judgment affirmed. Pope, C. J., and Birdsong, P. J., concur.*

DECIDED JUNE 29, 1993.

*Charles R. Sheppard, Sam B. Sibley, Jr.*, for appellant.

---

[1] Although appellant does not argue otherwise, we note that the testimony regarding the victim's statements to various witnesses was direct evidence. See generally OCGA § 24-3-16; *Brown v. State*, 175 Ga. App. 246 (1) (333 SE2d 124) (1985).

*Daniel J. Craig, District Attorney*, for appellee.

