## A93A2300. CATO v. THE STATE.
(441 SE2d 900)

BEASLEY, Presiding Judge.

An accusation was filed against appellant alleging that he did "drive and was in actual physical control of a motor vehicle while under the influence of alcohol to the extent that it was less safe for him to drive." OCGA § 40-6-391 (a) (1). The jury found him guilty. He appeals.

Lumpkin County Deputy Sheriff Cochran testified that at ap-

proximately 9:00 p.m. on June 16, 1992, he stopped appellant at a license check and asked him for his driver's license, which he could not produce. As they began to converse, Cochran noticed that appellant emitted a very strong odor of an alcoholic beverage, his speech was slurred, and his eyes were bloodshot. When appellant stepped from the jeep, as requested by Cochran, he was unsteady on his feet. He twice attempted to take an alco-sensor test, but he did not blow into it properly despite instructions by Cochran; he only gave a partial sample, which did register positive for alcohol.

When Cochran asked appellant to perform other field sobriety tests, he would not. Cochran asked whether he had been drinking, and appellant responded affirmatively. There were a couple of beers in a cooler behind the driver's seat in the jeep. In the officer's opinion, appellant was under the influence of alcohol to the extent that he was less safe to drive. Cochran placed him under arrest, read him the Georgia implied consent warning, and asked him to submit to a state-administered blood test which he refused.

Appellant testified, as did his mother, that his severe allergies were bothering him at the time and he was taking Benadryl, an over-the-counter allergy medication. As a result, his eyes become red, watery, and swollen, and he becomes drowsy and sometimes dizzy. He had taken a heavy dose of Benadryl during the noon hour. He did not deny that he had drunk one or two beers just after he finished his job, before driving. When the officer complained that he was not blowing hard enough, he explained that he had bad respiratory problems and was on medication. He refused the blood test because he was told that if he took it he would be kept in jail overnight, but that he could be released on bond if he refused the test. If he were jailed overnight, he would have been late for his job the next morning. He further testified that he did not know how the medication might react to the test.

Of appellant's two enumerated errors, only the second need be addressed. In it he complains of the court's refusal to give a requested charge on the law of circumstantial evidence under OCGA § 24-1-1 (3) (" 'Direct evidence' means evidence which immediately points to the question at issue"); OCGA § 24-1-1 (4) (" 'Indirect evidence' or 'circumstantial evidence' means evidence which only tends to establish the issue by proof of various facts, sustaining by their consistency the hypothesis claimed"); and OCGA § 24-4-6 ("To warrant a conviction on circumstantial evidence, the proved facts shall not only be consistent with the hypothesis of guilt, but shall exclude every other reasonable hypothesis save that of the guilt of the accused").

The law requires that "where the State's case depends, in whole or in part, on circumstantial evidence, a charge on the law of circumstantial evidence must be given on request." *Robinson v. State*, 261 Ga. 698, 699 (410 SE2d 116) (1991); *Johnson v. State*, 210 Ga. App.

99, 100 (1) (435 SE2d 458) (1993); see *Langston v. State*, 208 Ga. App. 175 (430 SE2d 365) (1993). A failure to charge on OCGA § 24-4-6 is not reversible error where the case is not close or doubtful, the charge on reasonable doubt is full and fair, and no other reasonable hypothesis save that of guilt was offered. *Langston*, supra at 178.

The trial court recognized that this case is dependent in part on circumstantial evidence through its charge to the jury that "[c]ircumstantial evidence is the proof of facts and circumstances by direct evidence from which you may then infer related or connected facts which are reasonable and justified in the light of your experience from day-to-day life." The court also charged the jury, "Evidence may also be used to prove a fact by inference. This is referred to as circumstantial evidence." It defined direct evidence as "the testimony given by a witness who has seen or heard the facts about which they testify." Consequently, appellant's second enumeration is without merit to the extent that it complains of the court's failure to define direct and circumstantial evidence in its jury charge. That does not end the matter.

The State maintains that the evidence did not offer any reasonable hypothesis of innocence, because appellant's argument that he was rendered less safe by the Benadryl rather than by the alcohol does not constitute a defense to the DUI charge under OCGA § 40-6-391 (b). The provision first states, "The fact that any person charged with violating this Code section is or has been legally entitled to use a drug shall not constitute a defense against any charge of violating this Code section." The second part states that "such person shall not be in violation of this Code section unless such person is rendered incapable of driving safely as a result of using a drug other than alcohol which such person is legally entitled to use."

The court charged the jury on OCGA § 40-6-391 (b). However, as the court also charged, the question for jury determination was whether appellant was so affected by the alcohol that it was less safe for him to operate the vehicle than it would have been if he were not so affected by the alcohol. Consequently, it was a jury question as to whether evidence of appellant's Benadryl use gave rise to a reasonable hypothesis save that of guilt of the crime charged under OCGA § 40-6-391 (a) (1). He was not charged with driving under the influence of any drug under OCGA § 40-6-391 (a) (2) or under the combined influence of alcohol and any drug under OCGA § 40-6-391 (a) (3). We are unable to say that this case is *not* close or doubtful as to whether the influence of alcohol rendered his driving less safe. Compare *Johnson*, supra; *Langston*, supra.

*Judgment reversed. Cooper, J., concurs. Smith, J., concurs specially.*

SMITH, Judge, concurring specially.

For the reasons stated in my dissent in *Mims v. State*, 209 Ga. App. 901 (434 SE2d 832) (1993), I believe this case is controlled by *Robinson v. State*, 261 Ga. 698 (410 SE2d 116) (1991). The State's case here depended, at least in part, on circumstantial evidence, and defendant's trial counsel requested a jury charge in the language of OCGA § 24-4-6. Under the circumstances presented here, the refusal to give such an instruction was error, and that error was not harmless.

DECIDED MARCH 11, 1994.

*Robert E. Andrews*, for appellant.

*David C. Turk III, District Attorney, Durwood R. Davis, Assistant District Attorney*, for appellee.