A94A0201. JONES v. THE STATE.
(444 SE2d 89)

ANDREWS, Judge.

Jones was tried before a jury on the charge of possession of cocaine with intent to distribute. He was acquitted on the charge of intent to distribute, and convicted of the lesser included offense of pos-

session of cocaine. Jones appeals from the judgment entered on the jury verdict.

Two police officers patrolling in a high crime and drug activity area repeatedly told Jones to leave a street corner where he had been standing and where "no loitering" signs were posted in the vicinity. After the officers noticed that Jones returned to the corner on every occasion after they left, the officers exited their patrol cars, conducted a pat-down for weapons and a warrant check on Jones, and again told him to leave the corner. After Jones left, one of the officers found a quantity of what appeared to be rocks of crack cocaine in a clear plastic wrapper in grass six to eight inches high about five feet from where Jones had been standing on the corner. The officers left the suspected cocaine on the ground, moved their vehicles out of sight, and hid a short distance away to see if anyone returned for the package. After a few minutes, the officers observed Jones return to the corner again, get down on his hands and knees in the area of the suspected cocaine, and move his hands through the grass. Jones then stood up, put his hands in his pockets, and began to walk away from the corner. Suspecting Jones had found and pocketed the suspected cocaine, the officers ran after Jones, and stopped and searched him. Both officers testified that they found the clear plastic wrapper containing the suspected cocaine on Jones' person. The substance found on Jones' person was later identified as approximately six rocks of crack cocaine. Jones testified that the police officers showed him the bag of cocaine after he was arrested, but he claimed the cocaine was not his and it was not on his person when he was arrested.

1. Jones claims the trial court erred by failing to direct a verdict of acquittal at the close of the State's case. Defense counsel did not move for a directed verdict on the basis that Jones did not possess the cocaine. The record reflects that at the close of the State's case, defense counsel moved for a directed verdict on the basis that there was no evidence of intention to distribute and that, at best, the evidence showed possession of cocaine. The trial court denied the motion and subsequently charged the jury, sua sponte, on the lesser included offense of possession of cocaine for which the jury convicted Jones. See *Alford v. State*, 200 Ga. App. 483, 484 (408 SE2d 497) (1991). Since Jones was found guilty of the lesser included offense of possession of cocaine, the trial court's refusal to grant a directed verdict on the basis that there was no evidence of intention to distribute is moot. *Cornwell v. State*, 193 Ga. App. 561 (388 SE2d 353) (1989); cf. *Thomas v. State*, 184 Ga. App. 131, 132 (361 SE2d 21) (1987); *Waters v. State*, 177 Ga. App. 374, 376-377 (339 SE2d 608) (1985).

2. Jones contends the trial court erred by denying his pre-trial motion to suppress evidence of the cocaine found on Jones' person on the basis that the police officers conducted an unlawful search with-

out a warrant or probable cause. "The transcript of the [suppression] hearing is not included in the appellate record. Inasmuch as factual and credibility determinations made by the trial court at a suppression hearing must be upheld by the appellate court unless shown to be clearly erroneous [cit.], and the absence of the transcript from the record makes that showing impossible, we must assume as a matter of law that the evidence adduced at the hearing supported the trial court's denial of the motion to suppress. [Cit.]" *Conyers v. State*, 260 Ga. 506, 508 (397 SE2d 423) (1990).

3. Jones claims the trial court erroneously refused to give the following requested charge: "[W]here the facts and evidence and all reasonable deductions therefrom present two reasonable theories, one of guilt and the other consistent with innocence, the justice and humanity of the law compels the acceptance of a theory which is consistent with innocence." This so-called "two theories" principle is a much criticized variant of the rule with respect to circumstantial evidence stated in OCGA § 24-4-6. See, e.g., *Langston v. State*, 208 Ga. App. 175, 177 (430 SE2d 365) (1993); *Burris v. State*, 204 Ga. App. 806, 810-811 (420 SE2d 582) (1992).

Under *Robinson v. State*, 261 Ga. 698, 699-700 (410 SE2d 116) (1991), "where the state's case depends, in whole or in part, on circumstantial evidence, a charge on the law of circumstantial evidence must be given on request. This rule will apply whether or not the jury is authorized to find that the direct evidence presented by witness testimony has been impeached." Thus, in appropriate cases, *Robinson* requires, upon request, that the trial court give a charge on the principle set forth in OCGA § 24-4-6 to guide the jury on the "quantum of circumstantial evidence which will authorize a conviction." Id. at 699. The requested "two theories" charge is not substantially equivalent to the principle set forth in OCGA § 24-4-6 which states: "To warrant a conviction on circumstantial evidence, the proved facts shall not only be consistent with the hypothesis of guilt, but shall exclude every other reasonable hypothesis save that of the guilt of the accused." Accordingly, *Robinson* does not require that the requested "two theories" charge be given and we find no error in the trial court's refusal to instruct the jury on this principle. See *Langston*, supra.

4. The evidence was sufficient to support the conviction under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Beasley, P. J., and Johnson, J., concur.*

DECIDED MARCH 30, 1994 —
RECONSIDERATION DENIED APRIL 14, 1994 —

*James A. Yancey, Jr.*, for appellant.
*W. Glenn Thomas, Jr.*, District Attorney, *Carol L. Stokes*, Assistant District Attorney, for appellee.