A94A1820. THE STATE v. VANDERVOORT.
(449 SE2d 617)

</div>

McMURRAY, Presiding Judge.

Defendant was charged, via accusation, for driving under the influence of alcohol and for making an improper U-turn. Defendant filed a motion to suppress the results of a State administered breath test, asserting (in pertinent part) that the arresting officer obstructed his request for an independent blood test pursuant to OCGA § 40-6-392 (a) (1), (3). The evidence adduced at a hearing on defendant's motion to suppress reveals that defendant requested an independent blood test after submitting to a State-administered breath test; that the arresting officer transported defendant to two hospitals after defendant's request for independent testing, but that both hospitals refused to honor defendant's requests for independent blood testing (despite defendant's ability to pay) because the arresting officer refused to authorize such testing in compliance with hospital policy.

This appeal followed an order granting defendant's motion to suppress. *Held:*

1. The State contends the trial court erred in granting defendant's motion to suppress, arguing that the arresting officer did not unduly obstruct defendant's request for independent blood testing pursuant to OCGA § 40-6-392 (a) (1), (3).

"OCGA § 40-6-392 (a) (3) allows one accused of driving under the influence of alcoholic beverages the right to have a chemical analysis of his blood and urine by a qualified person of his own choosing, and there is a corresponding duty on the part of law enforcement officers not to refuse or fail to allow the accused to exercise that right. *Puett v. State,* 147 Ga. App. 300 (248 SE2d 560) (1978). While it is not the officer's duty to insure the performance of an independent test, he cannot prevent a defendant from exercising his right to such a test. *Grizzle v. State,* 153 Ga. App. 364 (2) (265 SE2d 324) (1980). The statute also states that 'the justifiable failure or inability to ob-

tain an additional test shall not preclude the admission of evidence relating to the test or tests taken at the direction of a law enforcement officer.' It is incumbent on the trial court to determine whether the failure or inability to obtain the additional test is justified. In making that determination, the trial court must decide if, under the totality of the circumstances, the officer made a reasonable effort to accommodate the accused who seeks an independent test." *State v. Buffington*, 189 Ga. App. 800, 801 (377 SE2d 548). In the case sub judice, evidence that the arresting officer refused to authorize defendant's requests for blood testing at the local hospitals, despite defendant's ability to pay for any such testing, authorized the trial court's finding that reasonable effort was not made to accommodate defendant's request for an independent blood test. Consequently, the trial court did not err in granting defendant's motion to suppress. See *State v. Button*, 206 Ga. App. 673 (426 SE2d 194). Compare *Wells v. State*, 210 Ga. App. 165 (435 SE2d 523).

2. In light of our holding in Division 1 of this opinion, it is unnecessary to address the State's remaining enumeration.

*Judgment affirmed. Pope, C. J., and Smith, J., concur.*

DECIDED AUGUST 9, 1994 — RECONSIDERATION DENIED OCTOBER 28, 1994 — ▪

*Kenneth W. Mauldin, Solicitor, Ethelyn N. Simpson, Assistant Solicitor*, for appellant.

*McArthur & McArthur, John J. McArthur*, for appellee.