## A98A1867. LAMBROPOULOUS v. THE STATE.
(507 SE2d 225)

BLACKBURN, Judge.

Theofilos Lambropoulous appeals his conviction by a jury of driving under the influence, see OCGA § 40-6-391 (a) (1). Lambropoulous contends that the trial court erred in denying his motion to suppress the State-administered chemical test.

"When we review a trial court's decision on a motion to suppress, the evidence is construed most favorably to uphold the findings and judgment of the trial court; the trial court's findings on disputed facts and credibility are adopted unless they are clearly erroneous and will not be disturbed if there is any evidence to support them." (Punctuation omitted.) *Sprinkles v. State*, 227 Ga. App. 112 (1) (488 SE2d 492) (1997).

1. In his first enumeration of error, Lambropoulous contends that he was not properly advised of his implied consent rights. How-

ever, Lambropoulous failed to raise this issue in the trial court. In fact, in his motion to suppress, Lambropoulous alleged that he was advised of his implied consent rights pursuant to OCGA § 40-6-392 (a) (4). The trial court also specifically found in its order on Lambropoulous' motion for new trial that this issue was not timely raised.

"[Lambropoulous'] attempt to raise on appeal arguments which were not raised during the motion to suppress or at trial will not be considered." (Punctuation omitted.) *Allenbrand v. State*, 217 Ga. App. 609, 611 (4) (458 SE2d 382) (1995) (enumeration regarding failure to receive proper implied consent warning not considered because not timely raised); see also *Smith v. State*, 204 Ga. App. 576, 577 (2) (a) (420 SE2d 29) (1992) ("it is well established that grounds not raised by objection below may not be raised for the first time on appeal").

2. In his second enumeration of error, Lambropoulous asserts that he was denied his right to an independent test from qualified personnel of his own choosing pursuant to OCGA § 40-5-67.1 (b) (2).

"The transcript of the suppression hearing is not included in the appellate record. Inasmuch as factual and credibility determinations made by the trial court at a suppression hearing must be upheld by the appellate court unless shown to be clearly erroneous, and the absence of the transcript from the record makes that showing impossible, we must assume as a matter of law that the evidence adduced at the hearing supported the trial court's denial of the motion to suppress." (Citation and punctuation omitted.) *Jones v. State*, 213 Ga. App. 11, 13 (2) (444 SE2d 89) (1994).

Moreover, the evidence introduced at trial reveals that after Lambropoulous requested an additional test, he was taken to Gwinnett Medical Center, which was the nearest hospital, where his blood was drawn and tested. Additionally, in its order on Lambropoulous' motion to suppress, the trial court determined that Lambropoulous did not object to being taken to Gwinnett Medical Center and did not request a specific doctor or request to make arrangements for a specific doctor. In the absence of Lambropoulous' request for specific personnel to perform the independent test, "the officer's action in taking [Lambropoulous] to the nearest hospital, and the departmental policy behind it, were reasonable." *McDaniel v. State*, 218 Ga. App. 555 (462 SE2d 446) (1995).

*Judgment affirmed. McMurray, P. J., and Eldridge, J., concur.*

DECIDED SEPTEMBER 21, 1998 —
RECONSIDERATION DENIED OCTOBER 5, 1998 —

*King, King & Jones, David H. Jones*, for appellant.

*Gerald N. Blaney, Jr., Solicitor, Michael K. Biglow, Assistant Solicitor*, for appellee.