### A00A1201. JOEL v. THE STATE.
(538 SE2d 847)

Johnson, Chief Judge.

Matthew Joel files this interlocutory appeal from the trial court's denial of his motion to exclude the results of a state-administered

chemical sobriety test. Because the arresting officer was not justified in refusing to accommodate Joel's request for an independent blood test, the trial court erred in denying the motion. Therefore, we reverse.

OCGA § 40-6-392 (a) (3) provides that a person who undergoes a chemical test at the request of a law enforcement officer is entitled to have a qualified person *of his own choosing* administer an additional test. Law enforcement officers have a corresponding duty not to refuse or fail to allow an accused to exercise the right to have an independent test.[1] If the individual requests an independent test but is unable to obtain it, the results of the state-administered test cannot be used by the state as evidence against him unless the failure to obtain the test is justified.[2]

Joel was driving his car in Forsyth County shortly after midnight when a deputy with the Forsyth County Sheriff's Office stopped him for failing to dim his headlights and failing to stop at a stop sign. The deputy questioned Joel briefly, then, upon detecting an odor of alcohol, radioed an officer with the DUI task force to come to the scene.

The second officer arrived and requested that Joel perform field sobriety tests, which Joel did. The officers then placed Joel in the patrol car and read him the implied consent notice. Joel initially indicated that he would not submit to a chemical test, but, after hearing the notice three times, he agreed to be tested. Joel took the state-administered chemical test at the sheriff's office in Forsyth County, then asked to be taken to Northside Hospital for an independent test. Joel selected Northside Hospital because he was born there, his mother works there, he knows some members of the staff, and he trusts the hospital personnel.

The officer told Joel he was not going to take him "inside of metro Atlanta with four — three other hospitals in the immediate area." In the officer's opinion, the request to take Joel to Northside Hospital was unreasonable because

> we had Baptist Medical Center right here that's a full facility. North Fulton, which is a full facility and Gwinnett Medical in Northeast Georgia. With him being in my custody in the back of my car, I did not want to transport him all the way inside of metro Atlanta to an unsafe area that I did not — was not familiar with. I wasn't going to jeopardize myself or him with three other hospitals in this area that were willing to draw his blood.

---

[1] *State v. Button*, 206 Ga. App. 673, 674 (426 SE2d 194) (1992); see OCGA § 40-6-392 (a) (3).

[2] *Button*, supra.

The officer said it would be "too dangerous for me to take him that far into metro Atlanta." When asked to explain why he thought it would be dangerous, the officer replied that it was a long way, that they could have an accident, that he could get lost, and that something could happen to him or Joel. When the officer was asked where in metro Atlanta Northside Hospital was located, the officer remarked, "I have no idea." The officer took Joel to North Fulton Hospital for his blood test.

The officer testified that it would have been reasonable to drive Joel to Baptist Medical Center, which is in Forsyth County; Gwinnett Medical Center, in Gwinnett County; Northeast Georgia Hospital, in Hall County; or North Fulton Hospital, in Fulton County. According to the officer, North Fulton Hospital is 10-15 minutes from the sheriff's office, Gwinnett Medical Center is 45 minutes from the sheriff's office, and the Hall County facility is 20 minutes from the sheriff's office. The officer did not know how long it would take to drive from the sheriff's office to Northside Hospital, although Joel estimated that it would be a 20- to 25-minute drive. On cross-examination, the officer estimated the travel time between the sheriff's office and the intersection at which Joel testified that Northside Hospital is located to be 20 to 30 minutes. Although it is unclear from the transcript whether the officer actually told Joel that Gwinnett Medical Center was one of his options, the officer testified that that hospital would have been a reasonable choice because he is familiar with the area. He testified that the Forsyth, Gwinnett, North Fulton, and Hall facilities are all "in this area." He added that he "never went inside — I don't go inside the perimeter. I live on the other side of [Forsyth County]." According to the officer, time was not the issue — safety was. The officer added that Joel had the means to pay for the additional test and that the officer was under no pressure to complete the arrest quickly.

Where an officer has failed to obtain an additional test requested by the accused person, it is incumbent on the trial court to determine whether that failure was justified.[3] In making that determination, the trial court must decide if, under the totality of the circumstances, the officer made a reasonable effort to accommodate the accused who seeks the independent test.[4] Factors to be considered include, but are not limited to, the following: (1) availability of funds to pay for the requested test; (2) a protracted delay in the giving of the test if the officer complies with the request; (3) availability of police time and other resources; (4) location of the requested facility, e.g., whether

---

[3] *State v. Vandervoort*, 215 Ga. App. 72, 73 (1) (449 SE2d 617) (1994).
[4] Id.

the requested facility is in a different jurisdiction; and (5) opportunity and ability of accused to make arrangements personally for the testing.[5]

In this case, the officer did not make a reasonable effort to accommodate Joel's request to be taken to Northside Hospital for an independent test. As the officer admitted at the hearing, time was not an issue, since the requested hospital was no greater distance from the sheriff's office than some of the hospitals which the officer thought would have been reasonable choices, and because the officer was not in any particular hurry to finish processing the arrest. Likewise, the fact that the requested facility was outside Forsyth County did not make the request unreasonable, since the officer testified that other hospitals located outside the county, including the one to which the officer drove Joel, would have been reasonable choices.[6] And it is undisputed that Joel was able to pay for the test.

The officer's sole basis for refusing to take Joel to a reasonably close facility of Joel's own choosing is that he was unfamiliar with the area in which the hospital is located and, therefore, the request caused him safety concerns. His safety concerns are not supported by any specific evidence. There is nothing suggesting that the officer could not have readily found out the location of the requested hospital and gotten there without getting lost or having an accident. An officer's unfamiliarity with the area is not, in and of itself, sufficient grounds to deny an accused's request for an independent test by personnel *of his own choosing*. As this Court stated in *State v. Hughes*,[7] the *"of his own choosing"* language in OCGA § 40-6-392 (a) (3) is not superfluous, and the fact that the accused was given an additional test at a facility other than the one he selected does not demonstrate the state's compliance with the statute.

By asking for the independent test, Joel invoked his right to have such a test done; this gave rise to the officer's corresponding duty to make reasonable efforts to accommodate that request.[8] That duty continued until it was determined that, despite reasonable effort, *such a test could not be obtained*.[9]

The state has the burden of showing it complied with the requirements of OCGA § 40-6-392 (a) (3).[10] It has failed to meet this burden. The trial court erred in ruling that the officer's failure to

---

[5] *O'Dell v. State*, 200 Ga. App. 655, 656 (2) (409 SE2d 54) (1991).

[6] See *Akin v. State*, 193 Ga. App. 194 (387 SE2d 351) (1989) (request to take test in another county not unreasonable when officer offered to take defendant to another out-of-county facility of similar distance).

[7] 181 Ga. App. 464, 467 (352 SE2d 643) (1987).

[8] See *Button*, supra at 675.

[9] Id.

[10] *Hughes*, supra.

obtain the requested test was justified and in denying Joel's motion to exclude the results of the state-administered chemical test.

*Judgment reversed. Smith, P. J., and Phipps, J., concur.*

DECIDED AUGUST 31, 2000.

*Head, Thomas, Webb & Willis, William C. Head*, for appellant.
*Leslie C. Abernathy, Solicitor, Laura A. Janssen, Assistant Solicitor*, for appellee.