## A06A1134. WHITTLE v. THE STATE.
### (637 SE2d 800)

BERNES, Judge.

Charles Whittle was convicted of driving with an unlawful alcohol content ("DUI")[1] and speeding[2] following a bench trial in the Cobb County State Court. He appeals his DUI conviction, contending that the trial court erred in denying his motion to suppress the state-administered chemical test. He argues that he was denied his right to an independent test from qualified personnel of his own choosing pursuant to OCGA § 40-6-392 (a) (3). Finding no error, we affirm.

> OCGA § 40-6-392 (a) (3) provides that a person who undergoes a chemical test at the request of a law enforcement officer is entitled to have a qualified person *of his own choosing* administer an additional test. Law enforcement officers have a corresponding duty not to refuse or fail to allow an accused to exercise the right to have an independent test.

---

[30] *Boykin v. State*, 264 Ga. App. 836, 841-842 (5) (592 SE2d 426) (2003).

[31] *Wood v. State*, 264 Ga. App. 787, 789 (1) (a) (592 SE2d 455) (2003).

[1] OCGA § 40-6-391 (a) (5).

[2] OCGA § 40-6-181 (b).

(Emphasis in original.) *Joel v. State*, 245 Ga. App. 750, 751 (538 SE2d 847) (2000). If a law enforcement officer fails in that duty, the results of the state-administered test must be suppressed, unless the failure is justifiable. Id. "It is incumbent on the trial court to determine whether the failure or inability to obtain the additional test is justified. In making that determination, the trial court must decide if, under the totality of the circumstances, the officer made a reasonable effort to accommodate the accused who seeks an independent test." *State v. Buffington*, 189 Ga. App. 800, 801-802 (377 SE2d 548) (1989). The state has the burden of showing compliance with the mandates of OCGA § 40-6-392 (a) (3). *Joel*, 245 Ga. App. at 753.

Both Whittle and the state agree that after Whittle's arrest for speeding and driving while under the influence of alcohol, Whittle consented and submitted to a state-administered breath test.[3] The parties also agree that Whittle requested an independent test and that he was thereafter transported by the arresting officer to Emory Adventist Hospital where an independent blood test was in fact conducted.

The parties disagree, however, as to whether Whittle requested that the test be conducted at hospitals other than Emory Adventist. At the motion to suppress hearing, the arresting officer testified that Whittle was unfamiliar with the area and asked the officer to recommend a hospital where a blood test could be obtained. He stated that he recommended Emory Adventist and that Whittle agreed.

Whittle, on the other hand, testified that he did not want to have the test performed at Emory Adventist Hospital because he was not familiar with that facility. Whittle claimed that he requested and suggested four other hospitals for his independent test — Kennestone, Windy Hill, Cobb General, and Grady. However, Whittle testified somewhat equivocally on the issue and conceded that he could not remember the details surrounding his arrest. He also made several contradictory statements regarding the events of the evening.

The officer acknowledged that there was some discussion about testing at Kennestone Hospital, but stated that Kennestone was not a viable option. He explained that Kennestone personnel had recently refused to administer an independent test to another of his arrestees and that he had been advised by the hospital staff that Kennestone and the other Wellstar-affiliated hospitals were no longer performing independent tests on persons who were not being admitted to the hospitals for medical reasons.[4] The officer did not recall

---

[3] Whittle's state-administered breath test showed alcohol concentrations of 0.159 and 0.157 grams.

[4] The trial court overruled Whittle's hearsay objection to this testimony, finding that it was

discussing any other hospitals with Whittle, but noted that he had taken arrestees on previous occasions to Grady, Cobb General, Atlanta Medical Center, and Northside hospitals and the staffs at those hospitals also refused to perform independent tests. The arresting officer also stated that the Windy Hill facility was not open at night. Whittle failed to provide any evidence to refute the officer's testimony, or to otherwise show that his requested hospitals were available for testing at that time.

The conflicting testimony of Whittle and the officer presented a credibility issue for the trial court to resolve. "When we review a trial court's decision on a motion to suppress, the evidence is construed most favorably to uphold the findings and judgment of the trial court; the trial court's findings on disputed facts and credibility are adopted unless they are clearly erroneous and will not be disturbed if there is any evidence to support them." (Citation and punctuation omitted.) *Lambropoulous v. State*, 234 Ga. App. 625 (507 SE2d 225) (1998). Here, the trial court found that the officer made a reasonable effort to accommodate Whittle's request for an independent blood test. The evidence supports that determination and thus the trial court did not err in denying Whittle's motion to suppress. See *Hulsinger v. State*, 221 Ga. App. 274, 276 (470 SE2d 809) (1996) (trial court did not abuse its discretion in finding that the officer made reasonable efforts to help the defendant obtain his independent test under the totality of the circumstances, particularly when the defendant did not produce evidence that the test could have been performed by reasonable means at the time of his request). See generally *State v. Button*, 206 Ga. App. 673, 674 (426 SE2d 194) (1992) (setting forth fact that Kennestone Hospital did not perform blood alcohol tests as a matter of hospital policy). Compare *Koontz v. State*, 274 Ga. App. 248, 251-252 (617 SE2d 207) (2005) (officer failed to reasonably accommodate the defendant's request for an independent test when he took him to a hospital where he knew the test could not be performed at that time and offered no further assistance).

*Judgment affirmed. Andrews, P. J., and Barnes, J., concur.*

DECIDED OCTOBER 24, 2006.

*Melinda D. Taylor*, for appellant.

---

admissible to explain the officer's conduct. See OCGA § 24-3-2; *Ivester v. State*, 252 Ga. 333, 335 (2) (313 SE2d 674) (1984).

*Barry E. Morgan, Solicitor-General, Kimberly K. Frye, Assistant Solicitor-General*, for appellee.