A06A2365. THE STATE v. HOWARD.
(641 SE2d 225)

MIKELL, Judge.

After Kevin Howard was arrested for driving under the influence of alcohol, he filed a motion in limine to suppress the results of the state-administered breath test, contending that he was not given an opportunity to take an independent blood test in accordance with OCGA § 40-6-392 (a) (3). The trial court granted his motion, and the state appeals. We find no error and affirm.

Under OCGA § 40-6-392 (a) (3),

a person who undergoes a chemical test at the request of a law enforcement officer is entitled to have a qualified person

---

of his own choosing administer an additional test. Law enforcement officers have a corresponding duty not to refuse or fail to allow an accused to exercise the right to have an independent test. If the individual requests an independent test but is unable to obtain it, the results of the state-administered test cannot be used by the state as evidence against him unless the failure to obtain the test is justified.[1]

At the hearing on Howard's motion in limine, Officer Dunn of the DeKalb County Police Department testified that, at 3:25 a.m. on February 24, 2006, he stopped a car driven by Howard after observing it swerve out of its lane. Howard had bloodshot, watery, and glassy eyes; his breath smelled of alcohol; and he told Dunn that he had had "a couple of drinks." Dunn then asked him to perform several field sobriety tests and a preliminary breath test. When these tests indicated that Howard was under the influence of alcohol, Dunn placed him under arrest, read to him the implied consent notice, and asked him to take the state-administered breath test. Howard immediately asked for a blood or urine test instead, because he was under the mistaken impression that he had already taken the state breath test when he took the preliminary breath test at the scene. Dunn explained that, as soon as Howard had taken the state breath test, Dunn would take him to get an additional chemical test at Howard's own expense. After some further questions, Howard agreed to take the state-administered breath test.

Immediately after submitting to the state breath test at the DeKalb County jail, Howard again requested an independent blood test. Howard testified that, during the discussion that followed this request, he was told by another police officer in Dunn's presence that an independent blood test would cost about $400 to $500 and that this cost must be paid that night. Although Dunn could not recall what cost the other officer quoted to Howard, Dunn testified that it was "nothing that dramatic." Howard testified that he had only $80 in his possession at the time. He asked if his father could meet him at the hospital to pay for the blood test; Dunn said no, citing security risks. Howard asked if his father could pay the hospital by credit card before Howard went to the hospital for the test; again Dunn said no, citing security risks. Howard asked if he could take the blood test and have his father come to the hospital afterward and pay by credit card; once again, Dunn said no, citing security risks. Howard testified that he was not permitted to use his cell phone to call for financial assistance;

---

[1] (Footnotes omitted.) *Joel v. State*, 245 Ga. App. 750, 751 (538 SE2d 847) (2000). See also, e.g., *State v. Buffington*, 189 Ga. App. 800, 801 (377 SE2d 548) (1989).

Dunn, on the other hand, testified that Howard was allowed to make two phone calls. Dunn did offer to take Howard to an ATM, but Howard did not have sufficient funds there to cover what he had been told was the cost of the test, and Dunn refused to allow him to obtain funds in any other way. The end result was that Dunn never took Howard to the hospital for the independent blood test he had requested. Howard, unable to obtain an independent test, finally agreed to take a second breath test on the other available state machine.

At the hearing on his motion in limine, Howard stipulated that the implied consent warning was given in a timely and correct manner upon his arrest. Nevertheless, this Court has recognized that, even where an implied consent notice is timely and correctly given, later misleading and confusing statements can effectively deprive a suspect of his rights under OCGA § 40-6-392 (a) (3).[2]

The state has the burden of showing compliance with the requirements of OCGA § 40-6-392 (a) (3).[3] In order to determine whether the failure to obtain an independent test requested by an accused is justified, "the trial court must decide if, under the totality of the circumstances, the officer made a reasonable effort to accommodate the accused."[4] The trial court may consider the following factors, among others:

> (1) availability of or access to funds or resources to pay for the requested test; (2) a protracted delay in the giving of the test if the officer complies with the accused's requests; (3) availability of police time and other resources; (4) location of requested facilities[; and] (5) opportunity and ability of accused to make arrangements personally for the testing.[5]

Moreover, whether a consideration of these five factors does evince a reasonable effort by the officer is a determination which depends largely on local circumstances, circumstances of which the trial court can adjudge far better than we.

In the case at bar, the conflicting testimony of Dunn and Howard presented a credibility issue for the trial court to resolve.[6] On review

---

[2] See *State v. Terry*, 236 Ga. App. 248, 249-250 (511 SE2d 608) (1999).

[3] *Koontz v. State*, 274 Ga. App. 248, 250 (617 SE2d 207) (2005).

[4] (Citation and punctuation omitted.) *Whittle v. State*, 282 Ga. App. 64, 65 (637 SE2d 800) (2006). See also, e.g., *Koontz*, supra; *Joel*, supra at 752; *Buffington*, supra at 801-802.

[5] *Buffington*, supra at 802.

[6] See, e.g., *Whittle*, supra (where defendant testified that officer took him to a hospital not of his choosing, but officer testified that defendant agreed to this hospital when informed that other hospitals were not open for testing, trial court resolved credibility issue, finding that officer's efforts to obtain testing had been reasonable; denial of motion to suppress affirmed).

of a motion in limine, "the evidence is construed most favorably to uphold the findings and judgment of the trial court; the trial court's findings on disputed facts and credibility are adopted unless they are clearly erroneous and will not be disturbed if there is any evidence to support them."[7] The trial court found that Dunn did not make a reasonable effort to accommodate Howard's request to obtain an independent test. The findings of the trial court will not be disturbed where, as here, there is any evidence to support them.[8] Howard was not allowed even to attempt to obtain the needed funds, nor did Dunn provide any assistance other than offering to go by an ATM.[9] As the trial court pointed out, where security is of concern, relatives could have been asked to come to a secure location, such as the jail, in order to provide Howard with the necessary funds. No evidence indicated that such arrangements would have caused extended delays, nor that the police officer lacked time or resources to make such an accommodation. Vague security concerns, unsupported by any specific evidence, do not provide sufficient grounds to deny an accused's request for an independent test by personnel of his own choosing.[10] "While it is not the officer's duty to insure the performance of an independent test, he cannot prevent a defendant from exercising his right to such a test."[11] According to the testimony relied upon by the trial court, the officer here rebuffed every suggestion made by Howard. Dunn's

---

[7] (Citation and punctuation omitted.) Id. at 66. Contrary to the state's contention, the facts in the case at bar are disputed at several crucial points. The "de novo" standard of review advocated by the state applies where the facts are stipulated or where no critical facts depend on the testimony of witnesses subject to cross-examination; it does not apply here. See, e.g., *State v. Sanders*, 274 Ga. App. 393, 394 (617 SE2d 633) (2005).

[8] E.g., *State v. Brodie*, 216 Ga. App. 198, 199 (1) (c) (453 SE2d 786) (1995). See also *Whittle*, supra.

[9] See, e.g., *Koontz*, supra at 251 (officer failed to make reasonable effort to accommodate defendant's request for an independent test where he took defendant to a hospital which officer knew could not perform test at that time of night); *Brodie*, supra at 199 (2) (evidence should have been excluded where defendant could not pay for independent test because officer did not allow him to retrieve money from his car); *Buffington*, supra (grant of defendant's motion in limine affirmed where officer, who was not pressed for time, refused to allow defendant to seek assistance from hospital personnel or from his aunt, a hospital employee, or from relatives living close by).

[10] See, e.g., *Joel*, supra at 753 (failure to obtain test at facility requested by accused was not justified by officer's unfamiliarity with facility and its neighborhood nor by officer's vague and unsupported safety concerns); cf. *Hendrix v. State*, 254 Ga. App. 807, 809 (564 SE2d 1) (2002) (officer made reasonable effort to accommodate accused where officer offered to go to a local facility but refused to go 25 miles away to hospital requested by accused).

[11] (Citation omitted.) *Buffington*, supra at 801. Compare *Avant v. State*, 251 Ga. App. 165, 166 (554 SE2d 194) (2001) (denial of defendant's motion to suppress affirmed, where officer helped defendant obtain payment information from local hospital, even though officer did not suggest that defendant call someone to bring him funds), with *Smith v. State*, 250 Ga. App. 583, 585 (1) (552 SE2d 528) (2001) (no justification for failure to obtain requested test, where officer ignored request, expecting defendant to obtain test on his own after posting bond and being released).

response was not a "reasonable effort to accommodate" Howard's request for an independent blood test and had the effect of denying Howard his right to such a test under OCGA § 40-6-392 (a) (3).[12] Therefore, we affirm the order granting Howard's motion in limine to suppress the evidence of the state's breath test.

*Judgment affirmed. Blackburn, P. J., and Adams, J., concur.*

DECIDED JANUARY 8, 2007.

*Shawn E. LaGrua, Solicitor-General, M. Paul Reynolds, Alvera A. Wheeler, Assistant Solicitors-General,* for appellant.
*Amy Ferguson,* for appellee.

