## A10A0772. THE STATE v. METZAGER.
(692 SE2d 687)

JOHNSON, Presiding Judge.

After Stephen Metzager was arrested for driving under the influence of alcohol, he filed a motion in limine to suppress the results of the state administered breath test, contending he was not given an opportunity to take an independent blood test by a qualified person of his own choosing in accordance with OCGA §§ 40-5-67.1 (b) (2) and 40-6-392 (a) (3). The trial court granted his motion, and the state appeals. We find no error and affirm.

Under OCGA § 40-6-392 (a) (3), a person who undergoes a chemical test at the request of a law enforcement officer is entitled to have a "qualified person of his own choosing administer a chemical test or tests in addition to any administered at the direction of a law enforcement officer." OCGA § 40-5-67.1 (b) (2) is the implied consent notice for suspects age 21 or over, and this notice provides, in part, "After first submitting to the required state tests, you are entitled to additional chemical tests of your blood, breath, urine, or other bodily substances at your own expense and from qualified personnel of your own choosing."

The videotape of Metzager's stop shows that after arresting

---

[5] See *In the Interest of A. Z.,* 301 Ga. App. 524, 531 (2) (b) (687 SE2d 887) (2009).

Metzager, the officer misreads Georgia's implied consent notice. Instead of designating which chemical test or tests he requests, the officer offers Metzager a choice of state administered tests by reading the last line of the implied consent notice as: "Will you submit to the state administered chemical test of your blood, breath, or urine under the implied consent law?"[1] Metzager indicates that he wants a blood test, but the officer then tells him that is not a choice. The officer rephrases the question, asking Metzager if he will submit to a state administered test of his breath under the implied consent law. Metzager requests clarification and asks what the card says exactly. After the officer shares the card with Metzager, the officer tells Metzager, "I designate which test." Metzager then asks questions regarding his right to an independent test, and the officer tells him he can get an independent test at the hospital. The officer guarantees Metzager that the independent test will show the same results as the breath test will show in jail. Finally, Metzager agrees to the state administered breath test.

Once at the police station, Metzager submits to the state administered breath test, and the deputy shares the results with him. A few minutes later, Metzager asks about his blood test. The officer responds to the request by telling Metzager that he did not ask for one at the scene. However, Metzager reasserts his desire for a blood test, so the officer requests the hospital's telephone number over the radio, calls the hospital to ask if they perform blood tests, and tells Metzager, "I'm going to go ahead and take you. . . . You didn't indicate on the scene that you wanted one."

As the officer walks Metzager out of the jail, he tells his lieutenant, "I got everything done, and he's like, what about that other blood test?" The lieutenant then engages Metzager, asking if he had been drinking and commenting on Metzager's bloodshot eyes. Metzager denies drinking, says he is tired, and notes that the lieutenant's eyes are bloodshot as well. The lieutenant then stands in front of the officer's car, glaring at Metzager as he is placed in the back seat. The lieutenant speaks to the officer in an agitated manner, and a female officer stops walking to take notice. The lieutenant then says something that makes the arresting officer chuckle as he enters the car. Obviously rattled, Metzager asks the officer to tell the "angry man" he is sorry and that he did not mean to "piss him off." The officer tells Metzager that the angry man is the lieutenant and that the lieutenant can make Metzager's night "very long." The

---

[1] The correct line should read: "Will you submit to the state administered chemical tests of your (*designate which tests*) under the implied consent law?" (Emphasis supplied.) OCGA § 40-5-67.1 (b) (2).

officer then proceeds to take Metzager to the hospital for a blood test.

Metzager argues that the officer violated his right to an independent test by qualified personnel of his own choosing when he told Metzager that the blood test would occur at the hospital rather than allowing Metzager to choose his own qualified personnel. The trial court, after considering "the Defendant's written motion, the witnesses' testimony, training, credibility, and demeanor, the applicable law, the video to which the parties stipulated into evidence, and the arguments of counsel," granted Metzager's motion. The evidence supports this decision.

The state has the burden of showing compliance with OCGA § 40-6-392 (a) (3), and the trial court must determine whether, under the totality of the circumstances, the officer made a reasonable effort to accommodate the accused's request for an independent test.[2] And, as this Court has previously stated, "the 'qualified personnel of his own choosing' language in OCGA § 40-6-392 (a) (3) is not superfluous, and the fact that the accused was given an additional test at a facility other than the one he selected does not demonstrate the state's compliance with the statute."[3] Whether the officer made a reasonable effort "is a determination which depends largely on local circumstances, circumstances which the trial court can adjudge far better than we."[4]

Here, the trial court found that the officer did not make a reasonable effort to accommodate Metzager's request for an independent test by qualified personnel of his own choosing because he could easily have asked limited questions regarding Metzager's choice of personnel but instead unilaterally chose the location for the independent test. When reviewing a trial court's order on a motion to suppress, we must construe the evidence most favorably to uphold the findings and judgment of the trial court.[5] Moreover, "the trial court's findings on disputed facts and credibility are adopted unless they are clearly erroneous and will not be disturbed if there is any evidence to support them."[6] Since there is evidence to support the trial court's decision, we will not disturb it.

Metzager's motion to supplement the record and motion to remand this case to the trial court for a hearing on his lower court motion to dismiss the appeal are hereby rendered moot.

*Judgment affirmed. Miller, C. J., and Phipps, J., concur.*

---

[2] See *Koontz v. State*, 274 Ga. App. 248, 250 (617 SE2d 207) (2005).

[3] (Citation omitted; emphasis in original.) *Joel v. State*, 245 Ga. App. 750, 753 (538 SE2d 847) (2000).

[4] *State v. Howard*, 283 Ga. App. 234, 236 (641 SE2d 225) (2007).

[5] Id. at 237.

[6] (Citations and punctuation omitted.) Id.

DECIDED MARCH 22, 2010.

*David L. Cannon, Jr., Solicitor-General, Kristen A. Roch, Barry W. Hixson, Assistant Solicitors-General*, for appellant.
*Richard T. Ryczek, Jr.*, for appellee.